UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00538-FDW
(3:12-cr-00188-FDW-21)

| | |
|---|---|
| FRANKLIN ROBBS, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court upon Franklin Robbs's pro se Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 4.)

**I.    BACKGROUND**

On April 26, 2013, Robbs pled guilty, pursuant to a plea agreement, to one count of conspiracy to commit racketeering, in violation of 18 U.S.C. § 1962(d). Accept. & Entry of Plea, Doc. No. 460.[1] The probation office prepared a Presentence Investigation Report ("PSR"), using the 2013 United States Sentencing Guidelines Manual ("U.S.S.G."). PSR ¶ 66, Doc. No. 715. The officer determined that Robbs had at least two prior felony convictions of either a crime of violence or a controlled substance offense, including Attempted Robbery (New York), Assault-2nd Degree (Maryland), and Possession With Intent to Sell or Deliver Cocaine (North Carolina), that qualified him as a career offender under U.S.S.G. § 41B.1. Id. at ¶¶ 76, 85-86,

---

[1] Unless otherwise indicated, all docket references that are not in parentheses refer to documents in the underlying criminal action. Docket references in parentheses refer to documents in the instant habeas action.

1

106. Robbs's guideline sentencing range was 151-188 months imprisonment. Id. at ¶¶ 144-45.

Pursuant to the plea agreement, however, both defense counsel and the Government recommended a sentence of 132 months imprisonment, id. at ¶ 145, which the Court accepted, J., Doc. No. 774. Judgment was entered on March 3, 2014.[2] Id. Robbs did not file a direct appeal.

On June 24, 2016, Robbs filed a one-page document titled "Petition to Vacate, Set-Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255," in which he asserts that "the decision in Johnson v. United States, 135 S. Ct. 2551, has affected [Robbs's] Career Offender status, and that this Honorable Court must review the two predicate offenses for proper qualification under the Career Offender provision." (Mot. to Vacate, Doc. No. 1.) Because the filing did not comply with Rules 2(b) and (c) of the Rules Governing Section 2255 Proceedings for the United States District Courts, see Rule 2, 28 U.S.C. foll. § 2255, the Clerk of Court mailed Robbs a standard § 2255 form to complete, sign under penalty of perjury, and return to the District Court. (Staff Notes, Oct. 3. 2016.)

On January 1, 2017, Robbs placed a completed standard § 2255 form in the prison mail system. (Am. Mot. to Vacate 14, Doc. No. 4.) It was received and docketed in this Court on January 9, 2017. Robbs raises the following grounds for relief: 1) counsel was ineffective for failing to file a notice of appeal as requested; 2) counsel was ineffective for failing to object to a sentence enhancement based upon Robbs's role in the offense; 3) counsel was ineffective for failing to argue that two of the prior offenses used for career offender status were not valid predicate offenses; 4) Robbs's New York conviction for attempted robbery does not qualify as a

---

[2] The Court entered an amended judgment on May 15, 2015, which did not change Robbs's sentence but merely corrected a clerical error. Am. J, Doc. No. 875.

predicate offense for career offender status under the sentencing guidelines; and 5) Robbs's Maryland conviction for second-degree assault does not qualify as a predicate offense for career offender status under the sentencing guidelines.[3] (Am. Mot. to Vacate 4-10.)

This Court notified Robbs that his § 2255 Motion appeared to be untimely under 28 U.S.C. § 2255(f)(1) and provided him an opportunity to explain why it should not be dismissed as such. (Doc. No. 5.) After reviewing Robbs's Response (Doc. No. 6), the Court hereby clarifies that it construes the one-page document filed on June 24, 2016 (Doc. No. 1) as a 28 U.S.C. § 2255 Motion to Vacate and the document filed on January 1, 2017 (Doc. No. 4) as an amended § 2255 Motion to Vacate.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Court, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If it plainly appears that the petitioner is not entitled to relief, the court must dismiss the motion. See id. After conducting its initial review, the Court finds that the claims presented in the Motion to Vacate can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

**A. Johnson Claim**

In Johnson v. United States, made retroactive to cases on collateral review by Welch v.

---

[3] Robbs raises six grounds for relief, but Grounds Three and Four appear to be same claim worded differently. (Am. Mot. to Vacate 7-8, Doc. No. 4.)

3

United States, 136 S. Ct. 1257 (2016), the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague under the Due Process Clause of the Fifth Amendment. 135 S. Ct. at 2558. The ACCA provides for a mandatory minimum sentence of 15 years in prison for a defendant convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g), if the defendant has at least three prior convictions for serious drug offenses or violent felonies. See § 924(e)(1). "Violent felony" is defined in the ACCA as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" § 924(e)(2)(B) (emphasis added).

The italicized closing words of § 924(e)(2)(B) constitute the ACCA's residual clause. Johnson, 135 S. Ct. at 2556. Thus, a defendant who was sentenced under the ACCA to a mandatory minimum term in prison based on a prior conviction that satisfies only the residual clause of the ACCA's "violent felony" definition is entitled to relief from his sentence.

Robbs was not convicted of being a felon in possession of a firearm; thus, his sentence was not enhanced under the ACCA. Robbs contends, however, that the holding in Johnson applies equally to U.S.S.G. §§ 4B1.1, 4B1.2, the career offender provisions of the Sentencing Guidelines.

Under U.S.S.G. § 4B1.1,

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

4

§ 4B1.1(a) (2013). When Robbs was sentenced, the definition of the term "crime of violence" contained a force clause, an enumerated clause, and a residual clause (which was later rescinded). Under that definition, a federal or state offense punishable by more than one year of imprisonment qualifies as a crime of violence if the offense "has as an element the use, attempted use, or threatened use of physical force against the person of another" (force clause); "is burglary of a dwelling, arson, or extortion, [or] involves use of explosives" (enumerated clause); "or otherwise involves conduct that presents a serious potential risk of physical injury to another" (residual clause). § 4B1.2(a) (2013).

In his Amended Motion to Vacate, Robbs claims that his New York conviction for attempted second-degree robbery and his Maryland conviction for second-degree assault are no longer crimes of violence under the career offender guidelines.[4] (Am. Mot. to Vacate 10.) Although his Amended Motion is not a model of clarity, it appears Robbs's argument is that these offenses satisfy only the residual clause of the career offender definition of "crime of violence" and, therefore, are no longer predicate offenses pursuant to Johnson. (Mem. in Support of Am. Motion 7-9, Doc. No. 4-1.)

The holding in Johnson, however, does not extend to the Sentencing Guidelines. See Beckles v. United States, 137 S. Ct. 886 (2017). In Beckles, the Supreme Court held that the advisory Guidelines, including the career offender residual clause, are not subject to a vagueness challenge under the Due Process Clause. Id. at 892. Thus, even if Robbs's New York and Maryland convictions satisfy only the residual clause of § 4B1.2(a), he is not entitled to relief

---

[4] In his original Motion to Vacate (Doc. No. 1), Robbs did not identify which of his three prior convictions he believed no longer qualified as predicate offenses. In his Amended Motion, he challenges only his New York and Maryland convictions. (Am. Mot. to Vacate 10.)

because that clause remains valid after <u>Johnson</u>. <u>Id.</u> Therefore, this claim shall be dismissed.

    **B. Remaining Claims**

Generally, a district court must dismiss claims raised in a § 2255 Motion to Vacate filed more than one year after a petitioner's judgment of conviction became final. See § 2255(f)(1). Robbs's judgment of conviction became final in 2014. Nevertheless, his original Motion to Vacate was timely because he filed it within a year of the <u>Johnson</u> decision. See § 2255(f)(3).

Robbs's Amended Motion to Vacate, on the other hand, is untimely. The time for filing a claim under <u>Johnson</u> expired on June 26, 2016, <u>see id.</u>, and Robbs did not file his Amended Motion until January 1, 2017.[5] Consequently, the claims raised in the Amended Motion must be dismissed as untimely unless they "relate[] back to the date of the original pleading," Fed. R. Civ. P. 15(c)(1); that is June 24, 2016, the date Robbs filed his original Motion to Vacate.

Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure provides that an amendment relates back when it "asserts a claim or defense that arose out of the conduct, transaction or occurrence set out-or attempted to be set out-in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). As the Supreme Court made clear in <u>Mayle v. Felix</u>, in the context of a habeas motion, "conduct, transaction, or occurrence" does not mean the same "trial, conviction, or sentence," such that any claim that relates to the prior conviction or sentence challenged in a habeas motion is considered timely, no matter how long after the original motion it is filed. 545 U.S. 644 (2005). Rather, an amendment relates back to the date of the original motion if it "state[s] claims that are tied to a common core of operative facts." <u>Id.</u> at 664. An amended

---

[5] Based upon the facts alleged in the Amended Motion, neither § 2255(f)(2), which requires that a motion to vacate be filed no more than a year after an unlawful governmental impediment to making the motion is removed, nor § 2255(f)(4), which requires that a § 2255 motion be filed no more than a year after the facts supporting the claims presented could have been discovered with due diligence, applies to toll the statute of limitation.

claim "does not relate back (and thereby escape [the § 2255] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Id. at 650.

Here, Robbs's original Motion to Vacate challenges only his classification as a career offender. (Mot. to Vacate, Doc. No. 1.) Consequently, his claims that counsel was ineffective for failing to file a requested appeal and object to a sentence enhancement based upon Robbs's role in the offense (Am. Mot. to Vacate 4-5) do not relate back to his original claim. See Mayle, 545 U.S. at 650. Accordingly, they shall be dismissed as untimely.

Robbs also asserts that prior to sentencing, he asked trial counsel to object to the "state priors under the categorical approach as not being a felony under generic laws when there were available arguments" to object to the career offender enhancement. (Am. Mot. 7.) Counsel's failure, or refusal, to do so constituted ineffective assistance, according to Robbs. Again, the basis of Robbs's claim is not clear, but it appears his argument is that counsel should have argued at sentencing that the New York and Maryland convictions do not qualify as crimes of violence as that term is defined in § 4B1.2(a).

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, a petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To establish prejudice, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In other words, to establish prejudice, Robbs must show that but for counsel's failure to argue at sentencing that the

7

New York and Maryland convictions do not qualify as crimes of violence under § 4B1.2(a), there is a reasonable probability he would have received a lower sentence.

To the extent this claim relates back to the claim raised in the original Motion to Vacate, it must be rejected, as Robbs has not demonstrated he was prejudiced by counsel's alleged deficient performance. As an initial matter, although designated a career offender, Robbs was not sentenced as one. His guidelines range under the career offender provision was 151-188 months in prison, but pursuant to the plea agreement, he was sentenced to 132 months in prison. PSR ¶¶ 144-45; J., Doc. No. 774.

Furthermore, when Robbs was sentenced, the commentary on § 4B1.2 expressly included robbery in a list of offenses that qualify as crimes of violence. § 4B1.2, cmt. n.1 (2013). "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it . . . is inconsistent with, or a plainly erroneous reading of, that guideline." Stinson v. United States, 508 U.S. 36, 38 (1993). Consequently, the offenses listed in the commentary "'serve as additional enumerated offenses, or example crimes, to be considered when determining whether a prior conviction' falls within the residual clause." United States v. Riley, 856 F.3d 326, 329 (4th Cir. 2017) (quoting United States v. Mobley, 687 F.3d 625, 629 (4th Cir. 2012); and citing United States v. Peterson, 629 F.3d 432, 438 (4th Cir. 2011) ("[T]he commentary to § 4B1.2(a)(2) adds to the list of example crimes listed in § 4B1.2(a)(2) an additional six crimes of violence under the Guidelines[.]")).

The generic definition of robbery is "the taking of property from another person or from the immediate presence of another person by force or by intimidation." United States v. Walker, 595 F.3d 441, 445–46 (2d Cir. 2010). New York defines robbery as "forcible stealing." N.Y. Penal Law §§ 160.00 ("A person forcibly steals property and commits robbery when, in the

course of committing a larceny, he uses or threatens the immediate use of physical force upon another person[.]") Accordingly, "New York's definition of robbery necessarily falls within the scope of generic robbery as set forth in the commentary to U.S.S.G. § 4B1.2(a)[(2013)]." United States v. Jones, _ F.3. _, 2017 WL 3974269, at *7 (2d Cir. Sept. 11, 2017) (only Westlaw citation available). Because New York's definition of robbery falls within the scope of generic robbery, it is a crime of violence under the residual clause. See id. at *6; Riley, 856 F.3d at 329 ("Robbery . . . is a paradigmatic example of a crime presenting 'a serious potential risk of physical injury to another.' It plainly constitutes a crime of violence under the residual clause" of § 4B1.2(a).).

Moreover, New York's definition of robbery is the same regardless of the degree involved. See N.Y. Penal Law §§ 160.00-160.15. Thus, Robbs's New York conviction for attempted second-degree robbery is a crime of violence under the residual clause of § 4B1.2(a).[6] See Jones, 2017 WL 3974269, at *6 ("[I]t would seem that, pursuant to the commentary to the former residual clause, robbery of *any degree* in New York qualifies as a crime of violence.") (emphasis in original).

The Court need not determine whether Robbs's Maryland conviction for second-degree assault also qualifies as a crime of violence under § 4B1.2(a)'s former residual clause. Even if it does not, Robbs has the requisite number of qualifying predicate offenses (two) to have been sentenced as a career offender under the 2013 Sentencing Guidelines. See § 4B1.1.

Robbs has failed to demonstrate that there is a reasonable probability he would have

---

[6] "'Crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2, cmt. nt. 1 (2013).

received a lower sentence had his trial counsel argued that the New York and Maryland convictions were not crimes of violence under the Guidelines. See Strickland, 466 U.S. at 694. As such, his ineffective assistance of counsel claim is denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Motion to Vacate, Set Aside or Correct Sentence, 28 U.S.C. § 2255 (Doc. No. 4) is **DISMISSED and DENIED** for the reasons stated herein; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 20,

Frank D. Whitney
Chief United States District Judge