# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:12-CR-00188-FDW-SCR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| FRANKLIN ROBBS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Amended Motion to Amend/Correct the Judgment in this case (Doc. No. 1270) under Rule 36 of the Federal Rules of Civil Procedure. The United States did not timely respond to the Motion. For the reasons set forth below, Defendant's Motion is **DENIED**.

Defendant asks the Court to amend its judgment in this case (Doc. No. 875) to explicitly state Defendant is to receive credit for time served at the Mecklenburg County jail awaiting trial/sentencing. In support of his request, Defendant attaches a one-page transcript excerpt of a sentencing hearing in which the Court states the defendant is to receive credit for time he was "detained here pending these federal charges."[1] Based on the record before the Court, the relief Defendant seeks does not require an amended judgment. By statute, a defendant:

> [S]hall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of the offense for which the sentence was imposed; or as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b)(1)–(2).

---

[1] As of the date of this Order, the docket does not reflect that any party ordered a transcript of Defendant's sentencing hearing.

1

Further, it is the Bureau of Prisons, not the Court, that is responsible for calculating Defendant's sentencing credits and projected release date. "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." <u>United States v. Wilson</u>, 503 U.S. 329, 335 (1992). And, as the Fourth Circuit has explained, "A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court." <u>United States v. Miller</u>, 871 F.2d 488, 490 (4th Cir. 1989); <u>see also</u> <u>Fontanez v. O'Brien</u>, 807 F.3d 84, 85 (4th Cir. 2015). Defendant is currently incarcerated at FCI Butner. <u>See</u> https://www.bop.gov/inmateloc/ (last visited Mar. 4, 2024). Accordingly, Defendant's Motion is **DENIED** without prejudice to be raised in the appropriate district.

For the foregoing reasons, the record before the Court does not demonstrate Defendant is entitled to the relief he seeks. **IT IS THEREFORE ORDERED** that Defendant's Amended Motion to Amend/Correct, (Doc. No. 1270), is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant's Motion to Amend/Correct Judgment (Doc. No. 1238) is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

Signed: March 5, 2024

Frank D. Whitney
United States District Judge