UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:12-CR-00188-FDW-SCR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| FRANKLIN ROBBS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Compassionate Release (Doc. No. 1214). This matter has been fully briefed, (Doc. Nos. 1214, 1231, 1235), and is ripe for ruling. For the reasons set forth below, Defendant's Motion is **DENIED**.

## I. BACKGROUND

Defendant is 53 years old and currently incarcerated at FCI Butner. On April 26, 2013, Defendant plead guilty to Conspiracy to Commit Racketeering, in violation of 18 U.S.C. § 1962(d). (Doc. No. 460, p. 4.) Significantly, Defendant was "The Godfather" of the Gangster Killer Bloods, the North Carolina "set," or affiliate, of the United Blood Nation, a well-known violent gang. (Doc. No. 715, pp. 11, 15.) This Court sentenced him to 132 months imprisonment on March 3, 2014. (Doc. No. 774, p. 2.) His current projected release date is October 24, 2024. See https://www.bop.gov/inmateloc/ (last visited Mar. 4, 2024).

On October 28, 2020, Defendant moved for compassionate release, citing concerns related to the COVID-19 pandemic. (Doc. No. 1189.) This Court denied Defendant's motion on December 1, 2020. (Doc. No. 1202.) On December 17, 2020, Defendant moved for reconsideration of the Court's denial of compassionate release. (Doc. No. 1206.) That same day, Defendant appealed this Court's denial of compassionate release to the Fourth Circuit. (Doc. No. 1207.) On December 30,

1

2020, this Court received a letter from Defendant advocating for his early release. (Doc. No. 1209.) On March 23, 2021, citing Rule 210(c)(2) of the Federal Rules of Evidence, Defendant requested this Court take judicial notice of four nonbinding, out-of-district cases involving the medical condition that is "the bases [sic] of his motion for Compassionate Release," which the Court construed as a second motion for Compassionate Release. (Doc. No. 1214). In an unpublished opinion filed on May 28, 2021, the Fourth Circuit affirmed this Court's denial of Defendant's first motion for Compassionate Release. (Doc. No. 1224.)

## II. APPLICABLE LAW

Defendant's motion seeks a reduction in his sentence in this case pursuant to 18 U.S.C. § 3582(c)(1)(A). A defendant may seek a modification of his sentence from the court under § 3582(c)(1)(A) for "extraordinary and compelling reasons" if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." If a defendant has administratively exhausted a claim for release (or the Government does not contest the exhaustion requirement),[1] the district court generally conducts a two-step inquiry when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A). United States v. Bond, 56 F.4th 381, 383 (4th Cir. 2023).

First, the court determines whether the defendant is eligible for a sentence reduction. "A defendant is eligible if the court finds 'extraordinary and compelling reasons warrant such a reduction,'" id. (quoting § 3582(c)(1)(A)), and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A)(i). In 2023, the United States Sentencing Commission amended its policy statement to apply to defendant-filed

---

[1] United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021) (recognizing the exhaustion requirement in § 3582(c)(1)(A) is not jurisdictional, and it may be waived or forfeited).

motions for Compassionate Release, as permitted under the First Step Act of 2018, and expanded the list of circumstances sufficient to support such a motion under § 3582(c)(1)(A). See U.S. Sent'g Guidelines Manual § 1B1.13. The amendments became effective on November 1, 2023. Id. They supersede much of the case law that developed over the past several years while there was no policy statement applicable to defendant-filed motions. See United States v. McCoy, 981 F.3d 271, 283 (4th Cir. 2020). However, while drafting the new policy statement, the Sentencing Commission considered case law that developed after the enactment of the First Step Act in the absence of a binding policy statement. U.S. Sent'g Guidelines Manual § 1B1.13 amend. 814 (Supp. to App. C 2023) (discussing Amendment 814 in light of the Supreme Court's decision in Concepcion v. United States, 142 S. Ct. 2389 (2022)).

The policy statement now in effect authorizes a finding of extraordinary and compelling reasons for relief under § 3582(c)(1)(A) where, as relevant here: (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least 10 years of the sentence; and (c) an intervening change in law has produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed. U.S. Sent'g Guidelines § 1B1.13(b)(6). An intervening change in law, other than an amendment to the Guidelines Manual that is not explicitly retroactive, can be considered even if that change is not retroactive. Id. Amendment 814 itself is not retroactive, and Defendant filed his Motion before the amendment became effective. Nonetheless, this Court will evaluate the Motion under the current policy statement.

"Second, the court considers 'the factors set forth in section 3553(a) to the extent that they are applicable.'" Bond, 56 F.4th at 384 (quoting 18 U.S.C. § 3582(c)(1)(A)) (citing United States v. Kibble, 992 F.3d 326, 331 (4th Cir. 2021)). Section 3553(a) requires the court to "impose a

sentence sufficient, but not greater than necessary" to comply with the basic aims of the statute. In considering whether a reduced sentence is warranted given the applicable § 3553(a) factors, the court considers, among others: "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner;" the kinds of sentences available and sentencing ranges; and "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a). Notwithstanding the existence of "extraordinary and compelling reasons," the court retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) ("if a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction.").

The Government does not contest that Defendant exhausted his administrative remedies. (Doc. Nos. 1200, 1231.) Thus, the Court's analysis turns to whether Defendant presents extraordinary and compelling reasons supporting his release or a sentence reduction in light of the applicable § 3553(a) factors.

### III. PROCEDURAL MATTERS

**A. Motion for Judicial Notice**

First, the Court must dispense with Defendant's request for judicial notice of four out-of-circuit cases. (Doc. No. 1214.) Rule 201 allows courts to take judicial notice "of an adjudicative fact only, not a legislative fact." Fed. R. Evid. 201(a). Rule 201 explains a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources

4

whose accuracy cannot reasonably be questioned." Id. at 201(b). Rule 201 does not allow a party to request judicial notice of case law. Recent Past Pres. Network v. Latschar, 701 F.Supp.2d 49, 55 (D.D.C. 2010) ("[Rule 201] is not clearly an appropriate mechanism for acknowledging a persuasive authority . . . ."); Mitchell v. United States, No. 1:15-cr-00040-JAW-3, 2020 WL 5942316, at *7 (D. Me. Oct. 7, 2020) ("Rule 201 does not apply to judicial authority. . . . Not surprisingly, a judge is not required to take judicial notice of a judicial decision under Rule 201 because a judicial decision is a matter of law, not evidence.").

Here, Defendant requests the Court take judicial notice of judicial authority. For the foregoing reasons, the request is **DENIED**. Although the request is improper, the Court notes it has considered all case law relevant to this matter, weighing the persuasiveness of each piece of authority.

**B. Motion to Reconsider**

The Court now turns to Defendant's motion for reconsideration. (Doc. No. 1206.) To start, Defendant's motion is improper, as the Federal Rules of Criminal Procedure do not provide for such a motion. Typically, a party may move for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) is inapt here because this is a criminal proceeding. Nonetheless, even if the rule could apply to this proceeding, Defendant's motion is without merit because he meets none of the criteria laid out in Rule 60(b) for granting a motion to reconsider. The only argument available to him is under 60(b)(6), which allows the Court to grant relief from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Here, the only reason Defendant submitted justifying his motion for reconsideration is that this Court did not have the opportunity to consider the Fourth Circuit's decision in United States v. McCoy, 981 F.3d 271 (4th Cir. 2020), because it was decided the day after Defendant's initial

motion for Compassionate Release was denied. This argument is now moot, however, because McCoy, insofar as it held § 1B1.13 "not an applicable policy statement," has since been superseded by amendments to the same policy statement codified at § 1B1.13. See United States v. Samuel, No. ELH-16-0117, 2023 WL 8650366, at *5 (D. Md.) ("[I]t appears that the Fourth Circuit's conclusion in *McCoy*, 981 F.3d at 281, to the effect that '§ 1B1.13 is not an applicable policy statement,' is no longer consistent with the Guidelines, as amended.").

Further, the Fourth Circuit affirmed this Court's denial of Defendant's initial motion for Compassionate Release. (Doc. No. 1224.) And based on the law of the case doctrine,

> when a decision of an appellate court establishes "the law of the case," it "must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal . . . unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice."

Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988) (quoting EEOC v. Int'l Longshoremen's Ass'n, 623 F.2d 1054 (5th Cir. 1980)).

Here, Defendant cites four non-binding, out-of-circuit cases, each of which were decided prior to the Fourth Circuit's denial of Defendant's appeal. United States v. Rodrequis Council, No. 4:18-CR-00219, 2020 U.S. Dist. LEXIS 158806 (M.D. Pa. Sept. 1, 2020); United States v. Harris, No. ELH-02-0381, 2020 U.S. Dist. LEXIS 244640 (D. Md. Dec. 30, 2020); United States v. Pena, No. 15-cr-551, 459 F.Supp.3d 544 (S.D. N.Y. 2020); United States v. Bass, Case No. 97-80235-1, 2021 U.S. Dist. LEXIS 11719 (E.D. Mich. Jan. 22, 2021), *rev'd*, 17 F.4th 629 (6th Cir. 2021). None of these cases bind this Court, meaning none of the exceptions to the law of the case doctrine apply here. Further, Bass is not instructive because there the Sixth Circuit reversed after the district court incorrectly applied the Compassionate Release standard. 17 F.4th at 636. Therefore, the

6

Fourth Circuit's decision as to Defendant's initial motion for Compassionate Release remains binding.

## IV. ANALYSIS

Defendant has not shown extraordinary and compelling reasons for granting his renewed motion for Compassionate Release. Defendant argues he is serving an unusually long sentence due to a change in the law, making conspiracy convictions insufficient predicate offense to apply the career offender enhancement. (Doc. No. 1235, p. 2.) Defendant's argument is misguided. It is conspiracy convictions under 21 U.S.C. § 846 that "'cannot support' an 'enhanced sentencing as a career offender,'" not Defendant's conspiracy conviction under 18 U.S.C. § 1962(d). United States v. Lancaster, 997 F.3d 171, 176 (4th Cir. 2021); see also United States v. McDonald, No. 3:14-cr-229-MOC-12, 2022 WL 1215656, at *1 (W.D. N.C. Apr. 25, 2022) (finding the defendant in that case not eligible for a sentence reduction under Section 404 of the First Step Act because he was convicted of a conspiracy under 18 USC §§ 1959 and 1962, not 21 USC § 841). If Defendant was sentenced today for the same crime, he would receive a similar sentence because he would still be a career offender. Therefore, even if his sentence is "unusually long" within the meaning of the policy statement, he is not entitled to relief.

Defendant also incorporates by reference his original argument that his hypertension presents an extraordinary and compelling reason warranting early release because it places him at increased risk of medical complications and death should he contract COVID-19. When considering whether a defendant's serious physical or medical condition warrants early release because of COVID-19, courts assess whether "an inmate shows both a particularized susceptibility to COVID-19 and a particularized risk of contracting the disease at his prison facility." United States v. Brown, 78 F.4th 122, 128 (4th Cir. 2023). Here, Defendant's hypertension appears to be

asymptomatic, as this Court previously noted when it first rejected his motion for Compassionate Release (Doc. No. 1202), which the Fourth Circuit affirmed. (Doc. No. 1224.) Moreover, since that decision, Defendant has received at least two vaccinations against COVID-19, and the COVID-19 health emergency has ended.[2] Thus, Defendant's susceptibility is mitigated. And Defendant's particularized risk of contracting the disease at his prison facility is low. Defendant is housed at FCI Butner, which currently reports just three cases of COVID-19 within its inmate population of 4,057. See https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited Mar. 4, 2024). For these reasons, Defendant's hypertension does not present an extraordinary and compelling reason to reduce his sentence. See Brown, 78 F.4th at 128 (recognizing while medical conditions might put a defendant at increased risk of a severe COVID-19 infection, extraordinary and compelling reasons do not exist where that risk was mitigated by vaccine status and a defendant's failure to show a particularized risk of contracting the disease at the facility where he is incarcerated).

     Finally, the § 3553(a) factors weigh against Defendant's release. In this case, the Court's prior analysis of these factors remains accurate. As previously mentioned, Defendant was "The Godfather" of the United Blood Nation in North Carolina, a well-known and dangerous gang. (Doc. No. 715, pp. 11, 15.) Additionally, Defendant has a long and sad criminal history, beginning at age 16, including convictions for assault with intent to murder, grand larceny, resisting arrest, attempted robbery, shoplifting, financial card fraud, speeding at 130 MPH, assault on a government official, defacing a public building, and numerous drug-related offenses. (Id., 23–31.) The Court recognizes and is pleased with Defendant's effort at rehabilitation and interest in starting over and building an honest life when he is released. However, granting his release with this

---

[2] National Emergencies Act, Pub. L. No. 118-3, 137 Stat. 6 (2023).

criminal history would not reflect the seriousness of the offense or afford adequate deterrence from serious criminal conduct.

## V.     CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release, (Doc. No. 1214), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Reconsideration, (Doc. No. 1206), is **DENIED** in light of the Fourth Circuit's opinion (Doc. No. 1224).

**IT IS SO ORDERED.**

Signed: March 5, 2024

Frank D. Whitney
United States District Judge